STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| STEPHEN YAGMAN, and as representative of a class of persons who were charged excessive and extortionate fines by defendants,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT WUNDERLICH, LILI BOSSE, JOHN A. MIRISH, JULIAN A. GOLD, LESTER J. FRIEDMAN, GEORGE CHAVEZ, JEFF S. MUIR, HOWARD S. FISHER, LAWRENCE WIENER, HUMA AHMED, NOOSHIN MESHKATY, SHARON IGNARRO, JAY SOLNIT, RONALD SHALOWITZ, LISA K. SCHWARTZ,** and **20 UNKNOWN NAMED DEFENDANTS, 1-20**<br><br>Defendants. | No.<br><br>**COMPLAINT**<br>(42 U.S.C. § 1983)<br><br>**CLASS ACTION ALLEGATIONS**<br><br>**JURY DEMAND** |

## JURISDICTION AND VENUE

1. Plaintiff, on his own behalf and on behalf of the described class, asserts federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendants, subject matter jurisdiction lies pursuant to 28 U.S.C. §

1

1331 of the federal claims, and defendants' conduct affects and interferes with interstate commerce.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Los Angeles, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

3. Plaintiff is **STEPHEN YAGMAN**, on his own behalf and on behalf of the described class, and defendants are **ROBERT WUNDERLICH, LILI BOSSE, JOHN A. MIRISH, JULIAN A. GOLD, LESTER J. FRIEDMAN,** City of Beverly Hills council members, **GEORGE CHAVEZ,** City of Beverly Hills city manager, **JEFF S. MUIR,** City of Beverly Hills director of finance, **HOWARD S. FISHER,** City of Beverly Hills treasurer, **LAWRENCE WIENER,** City of Beverly Hills city attorney, **HUMA AHMED,** City of Beverly Hills city clerk, **NOOSHIN MESHKATY, SHARON IGNARRO, JAY SOLNIT, RONALD SHALOWITZ, LISA K. SCHWARTZ**, City of Beverly Hills traffic and parking commission members, and **20 UNKNOWN NAMED DEFENDANTS, 1-20**, and the **UNKNOWN NAMED DEFENDANTS**, whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, whose conduct is culpable, and whose unknown names will be replaced by their true identities, when those true identities are learned, or are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions, and played some part in the wrongful conduct alleged hereinbelow.

4. Defendants each and all are sued in both their individual capacities, and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only.

5. Defendants and each of them played some material role in the acts and/or omissions alleged hereinbelow, and in the setting of policies and enforcement of the City of Beverly Hills parking fines, and of the wrongful conduct set forth hereinbelow.

## ALLEGATIONS COMMON TO EACH COUNT

6. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

7. All acts and/or omissions perpetrated and/or engaged in by each defendant in their individual capacities were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

8. All of the actions by defendants were done in concert, conspiratorially, and were both attempts to do and the doing of things that constitute extortion under both state and federal law and which obstruct justice, all as set forth more fully hereinbelow.

9. On July 8, 2021, defendants demanded that plaintiff pay to them a $1,000 parking fine by July 30, 2021.

10. On July 28, 2021, based on defendants' extortionate demand, plaintiff paid to defendants the demanded fine.

11. All defendants at all times acted under color of state law.

12. All defendants' actions violated plaintiff's constitutional rights, as set forth hereinbelow.

13.-99. Reserved.

## COUNT 1

**(Fourteenth Amendment: Equal Protection Clause, Due Process Clause, and Privileges and Immunities Clause Violations, against all defendants, in both their individual and official capacities, 42 U.S.C. § 1983)**

100. The Due Process Clause of the U.S. Constitution provides "nor shall any State deprive any person of life, liberty, or property, without due process of law[,]" the Equal Protection Clause provides "nor shall [any State] deny to any person within its jurisdiction the equal protection of the laws[,]" and the Privileges and Immunities Clause provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

101. The defendants' behavior alleged herein was knowing and intentional, and was so egregious, so outrageous, that it fairly may be described as shocking to the conscience, and also it is arbitrary and capricious action by the government, and is an exercise of power without any reasonable justification or legitimate governmental purpose, plain and simple, it is government discrimination, it violates the decencies of civilized conduct in a civilized society, it is offensive, and it does not comport with basic concepts of fair play and decency, so that it violates plaintiff's substantive due process rights under the Fourteenth Amendment, because it is the government using its vast power arbitrarily and oppressively.

//

//

## COUNT 2
### (*Monell* Violations, against all defendants, against all defendants, in their official capacities 42 U.S.C. § 1983)

102.  Defendants' wrongful conduct under of color of law occurred so that each defendant knowingly, intentionally, grossly negligently, recklessly, and with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in the immediately-preceding Count, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to themselves and/or their personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

## COUNT 3
### (Conspiracy, against all defendants, in both their individual and official capacities, 42 U.S.C. § 1983)

103. All defendants, and each of them, understood and agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

//

//

//

## COUNT 4
### (Eighth Amendment, Excessive Fines Imposition Violations, against all defendants in both their individual and official capacities, 42 U.S.C. § 1983)

104.   The Eighth Amendments' Excessive Fines Clause provides that "nor shall excessive fines [be] imposed."  Defendants' fine imposed on plaintiff was excessive.

105.   A fine is "excessive" if it is not proportional to and related to the gravity of the conduct that it is designed to address.

106.   The factors to be considered are the nature and extent of the underlying conduct (none), whether the underlying conduct is related to other illegal activities (none), whether other penalties may be imposed for the conduct (none), and the extent of the harm caused by the conduct (none).

107.   Defendants by attempting to collect and collecting the fine deprived plaintiff of his money, and amounts to an excessive and unconstitutional fine, in violation of the Eighth Amendment.  Moreover, defendants' imposing an additional $3.50 "convenience fee" on plaintiff paying the fine was excessive.

## COUNT 5
### (*Monell* Violations, against all defendants, in their official capacities, 42 U.S.C. § 1983)

108.   Defendants' wrongful conduct under of color of law occurred so that each defendant knowingly, grossly negligently, recklessly, and with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in the immediately-preceding Count, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal

6

rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to themselves and/or their personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

## COUNT 6
**(Conspiracy, against all defendants, in their individual and official capacities, 42 U.S.C. § 1983)**

109. All defendants and each of them understood and agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

## COUNT 7
**(Right to Travel Violations, against all defendants in both their individual and official capacities, 42 U.S.C. § 1983)**

110. The right to travel, both intrastate, interstate, and intra-municipal, is both a federal right and a state right, which state right has become a part of the federal right to substantive due process of law, and is a basic human right, and as such is a right implicit in the concept of a democratic society that is one of the attributes of personal liberty under the common law.

111. There is a California constitutional, substantive right to travel, and it recognizes the federal right to interstate travel -- the basic right to go from one place to another, and both state and federal courts recognize the right to travel as a fundamental right that is entitled to constitutional protection, under *both* state and federal law.

112. The right to intrastate travel, within a municipality, is a federal right, the enforcement of which is the § 1983 remedy, and also it is a federal right

because it is incorporated in the substantive Due Process Clause of the Fourteenth Amendment, the enforcement of which also is the § 1983 remedy, and therefore, plaintiff may enforce his state right to travel under § 1983. Driving a motor vehicle is an inherent and necessary part of the right to travel in 2021 America, and by levying a $1,000 fine against plaintniff, defendants unconstitutionally infringed on plaintiff's rights to travel.

## COUNT 8
### (*Monell* Violations, against all defendants, in their official capacities, 42 U.S.C. § 1983)

113. Defendants' wrongful conduct under of color of law occurred so that each defendant knowingly, grossly negligently, recklessly, and with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in the immediately-preceding Count, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to themselves and/or their personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by plaintiff and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

//

//

//

# COUNT 9
## (Conspiracy, against all defendants, in their individual and official capacities, 42 U.S.C. § 1983)

114. All defendants and each of them understood and agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

115.-141.  Reserved.

# COUNT 10
## (Racketeer Influenced and Corrupt Organizations, RICO, for Extortion, Under Both State and Federal Law, and Obstruction of Justice, against all defendants in both their individual and official capacities)

142.  By doing the things alleged hereinabove, and/or aiding or abetting them, defendants thereby engaged in and committed the related RICO predicate acts, with similar purposes, results, participants, victims, and methods of commission, over a long and continuing period of time, with a threat of continued racketeering activity, of extorting plaintiff to pay the excessive fine, under both state and federal law, and obstruction of justice, and continue to commit extortion, under both state and federal law, and obstruction of justice, all by using instrumentalities of interstate commerce to accomplish their crimes, and thereby are liable under the civil RICO statute, as set forth hereinbelow.

### Rico Predicate Acts

143.  **Extortion**  The attempted extortion occurred as follows:  defendants attempted to cause plaintiff and caused plaintiff turn over $1,003.50 to defendants.

144.  **Obstruction of Justice**  The obstruction of justice occurred by defendants depriving plaintiff of and by preventing plaintiff from exercising his federal constitutional rights, as set forth hereinabove.

146.  Each defendant, in his/her own right, and all defendants together, collectively, as well as their employees, are all enterprises and associated-in-fact

enterprises, within the meaning of 18 U.S.C. 1961(4), and therefore are RICO enterprises.

147.  Each and all of defendants' activities affect interstate commerce as well as intrastate and interstate travel.

148.  Each defendant received and receives income, directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses and costs of towing, *per diem* costs reimbursements, meals, lodging, and/or travel, pensions, *etc.*, from the pattern of racketeering activity alleged herein, and used and uses that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

149.  Defendants conducted and/or participated, and continue to conduct and participate in, said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

150.  The pattern of racketeering activities included, and continues to include, a continuous pattern and practice potentially involving activities, including the RICO predicates of extortion and obstruction of justice, and defendants' defense of the instant action is and will continue to be and will be a continuation and a part of its RICO schemes, so that those who may participate in the defense of this action may make themselves liable under RICO.

151.  Defendants' associated-in-fact enterprises constitute a present and continuing threat of harm and additional RICO violations.

152.  The enterprises' activities have occurred on more than one, over at least the past 10 years, and have been done on numerous occasions and constitute at least one hundred separate acts, as set forth hereinabove, not including the acts that will be included as part of the defense of the instant action.

153. At least more than two RICO predicate acts have occurred, as defendants previously have imposed excessive and extortionate fines on citizens.

154. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including extortion, and obstruction of justice, and they pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and participants, they are not isolated events, but are both continuous and systemic, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

155. The activities led to defendants' control of and acquisition over the enterprises and resulted in the injuries to plaintiff and class members, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

156. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers and/or agents of defendants engaged in and condoned racketeering activities.

157. The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management, and potentially other defendants, that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiffs, as alleged herein.

158. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to

accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

159. Each defendant unlawfully conspired with others, including other defendants, by understanding and agreeing to do and taking overt actions to support the matters hereinabove alleged, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued and continue to do so with the aid and assistance of co-conspirators.

160.-272. Reserved.

## CLASS ACTION ALLEGATIONS

273. Plaintiff is a member of the discrete class of persons, whose defining characteristic is that they were subjected to imposition of excessive and extortionate fines by defendants.

274. This class contains at least 100 persons, and the class is so numerous so that joinder of all members is impracticable.

275. There are only common questions of fact and of law with respect to all class members.

276. The claims made by the representative party, plaintiff, are typical of the claims of each class member.

277. The representative of the class, plaintiff, fairly, vigorously, and zealously will represent and adequately protect the interests of all class members, through his zealous attorney.

278. Prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate

1   but are the only questions that exist, and this action is the superior manner to other

2   available methods for fairly and efficiently adjudicating the controversy.

3       279.  Specifically, the class members' interests in individually controlling

4   the prosecution or defense in separate actions do not exist, and there are no

5   anticipated difficulties in managing this class action, especially as to identification

6   of the amount of damages, identification of class members, and providing actual

7   notice to virtually all class members.

8       280.  Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), &

9   23(b)(1)(A),(B)(1) and (3).

10      281.  The nature of the notice to be provided to class members would be that

11  the defendants would provide the names of persons who are class members and

12  announce and plaintiff would provide mailed notices to them.

13      **WHEREFORE**, plaintiff and class members request relief against each

14  defendant as follows:

15      1.  Compensatory damages of $1,003.50 for non-RICO violations;

16      2.  Punitive damages, in a sum to be determined by a jury, and as a

17  percentage of the net worth of each defendant, in a sum sufficient to deter future

18  misconduct, and not less than $1,000,000.00 per defendant;

19      3.  Compensatory damages of $1,003.50 for the RICO violations, and

20  trebling of them;

21

22      4.  The costs of action and interest;

23      5.  Attorneys' fees; and,

24      6.  Such other relief as is just and proper.

25  //

26  //

27  //

28  //

13

1

## JURY DEMAND

2

Plaintiff demands trial by jury of all issues.

3

## YAGMAN + REICHMANN, LLP

4

5

By:  /s/  Stephen Yagman

6

**STEPHEN YAGMAN**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14